# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 530

GLASGO et al v. PAXTON

Ohio Appeals, 5th Dist., Ashland County
No. 135. Decided Dec. 12, 1923

103. ASSESSMENTS—1. Assessment statute held constitutional.

2. Certificate held to have been filed in accordance with statute.

3. In order for a property owner to enjoin an assessment he must object in writing to the assessment when made.

4. Where an assessment is not apportioned according to benefits it is improper and illegal.

HOUCK, J.

### Epitomized Opinion
Published Only in Ohio Law Abstract

This action was brought by plaintiffs, forty-two in number, in the Common Pleas Court of Ashland County to enjoin the defendant, as Treasurer of said Ashland County, from collecting special assessments against them as abutting property owners for the improvement of Section B and C of Inter-County Highway No. 24, and also to enjoin the levying of an assessment for said improvement upon the township of Hanover in Ashland County, Ohio. Thirty of the forty-two plaintiffs filed objections to the assessment, but the other twelve did not do so.

In making the assessment no inspection was made of the individual or separate tracts of land. The amount was arrived at by the processs of addition and division. The Common Pleas Court refused the relief prayed for, whereupon plaintiffs prosecuted error, claiming (1) That the statute under which said assessments were made were unconstitutional. (2) That no certificate as required by 5660 GC. was filed. (3) That said assessments were not made in accordance with the benefits. (4) That the judgment was manifestly against the weight of the evidence. In reversing the judgment as to the thirty plaintiffs and sustaining the judgment as to the twelve, the Court of Appeals held:

1. The Statutes under which said assessments were made are constitutional.

2. A certificate was filed in accordance with the law.

3. When county commissioners have fully complied with the provisions of 1214 GC. in fixing assessments upon land owners for improvements of an inter-county highwy and given notice thereof as required by that section and have not otherwise exceeded their statutory authority, a land owner may not enjoin the collection of the assessment under 12075 GC. when he has failed to file objections thereto with the county commissioners.

4. As the assessments were not apportioned in accordance with the benefits accruing to each of the owners of the land so located on said highway, the assessment was unlawful and unreasonable.

Attorneys—F. O. Levering and R. J. Grossman for Glasgo et al; Henderson & Culbertson, Ashland, for Paxton.

---

No. 531

GORDON v. DORN et al

Ohio Appeals. 8th Dist., Cuyahoga County
No. 4879. Decided March 10, 1924

114. ATTORNEY AND CLIENT—Court committed error in assessing attorney fees on basis of own experience—Only those persons who are parties to an express or implied contract can be held for attorney fees.

SULLIVAN, J.

### Epitomized Opinion
Published Only in Ohio Law Abstract

Gordon brought an action against William and John Dorn for the recovery of $895.75 for attorney fees during a period between March 17, 1920, to Feb. 4, 1922. The statement of claim stated two causes of action, one for an account stated, and another based upon the Code of Civil Procedure of Ohio. A jury was waived and judgment rendered for plaintiff in the sum of $605 against the defendant, William Dorn. Plaintiff prosecuted error. In reversing the judgment as to William Dorn and sustaining the judgment as to John Dorn, the Court of Appeals held:

1. As the total sum was made up of various items rather than being based upon a sum total, the court commited error in reducing the sum by a course of reasoning based upon his own knowledge and experience of such services.

2. As the proof failed to show any legal liability by any contract express or implied on the part of John Dorn, the judgment as to him must be sustained.

Attorneys—Gordon & Gordon, for Gordon; Henderson, Quail, Siddall & Morgan, for Dorn; all of Cleveland.